UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE JAMES, on behalf of
herself and others similarly situated,

       Plaintiff,

v.

COMMONWEALTH FINANCIAL
SYSTEMS, INC.

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

8:15 cv 2218 T 30 TBM

Civil Action No.:

**Class Action Complaint**

**Jury Trial Demanded**

### Nature of this Action

1.     Michelle James ("Plaintiff") brings this class action against Commonwealth Financial Systems, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.     Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

3.     Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to call consumers for the purpose of debt collection even after being informed that it is calling the wrong person.

### Jurisdiction and Venue

4.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Plaintiff

resides in this District, a substantial part of the events giving rise to Plaintiff's action occurred in this District, and where Defendant transacts business in this District.

## Parties

6.     Plaintiff is a natural person who at all relevant times resided in Clearwater, Florida.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a Pennsylvania Corporation headquartered in Dickson City, Pennsylvania. *See* http://www.necredit.com/company.php

9.     Defendant "is a regional leader in the field of accounts receivable management and financial services. " *See* http://www.necredit.com/

10.    Defendant uses an automatic telephone dialing system to contact consumers from whom it seeks to collect debts. *See, e.g., Paradise v. Commonwealth Fin. Sys., Inc.*, Case No. 3:13-cv-00001, Doc. 39 (M.D. Pa. Sept. 22, 2014) (holding that Defendant did not present a meritorious defense to claims against it under the TCPA, and refusing to vacate a judgment against Defendant under the TCPA).

11.    Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

12.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

13.    In or around May 2015, Plaintiff obtained a new cellular telephone number ending in -9817.

14.    Shortly thereafter, Defendant began placing calls to Plaintiff's cellular telephone number.

2

15.     In particular, Defendant placed at least one call to Plaintiff's cellular telephone number on each of June 13, 2015, June 19, 2015, June 22, 2015, and June 30, 2015.

16.     Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number on dates not specifically identified herein.

17.     Defendant placed its calls to Plaintiff's cellular telephone number from (570) 330-0816.

18.     On the two or three occasions on which Plaintiff spoke with Defendant, Plaintiff informed Defendant that she was not the individual for whom Defendant was calling, or directed Defendant to cease placing calls to her cellular telephone number.

19.     Defendant, nonetheless, continued to place calls to Plaintiff's cellular telephone number.

20.     Upon information and good faith belief, Defendant was calling not for Plaintiff, but for a third-party unknown to Plaintiff named "Shantella."

21.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

22.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

23.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

24.     Defendant placed its calls to Plaintiff's cellular telephone number, in part, in an effort to collect a debt from Plaintiff that she did not owe.

25.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

26.    Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

27.    Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

28.    Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

29.    Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

30.    Plaintiff is not, nor was, one of Defendant's customers.

31.    Plaintiff does not, nor did, have a business relationship with Defendant.

32.    Plaintiff did not provide Defendant with her cellular telephone number.

33.    Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

34.    Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

35.    Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to cellular telephone service providers.

### Class Action Allegations

36.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following three classes:

> **First TCPA Class**: All persons and entities throughout the United States (1) to whom Commonwealth Financial Systems, Inc., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the

four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

**Second TCPA Class:** All persons and entities throughout the United States (1) to whom Commonwealth Financial Systems, Inc., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that Commonwealth Financial Systems, Inc.'s records contain a code or other notation indicating that the called party previously (a) informed Commonwealth Financial Systems, Inc. that the number to which it placed the call was the wrong number, (b) directed Commonwealth Financial Systems, Inc. to stop calling the number to which it placed the call, or (c) instructed Commonwealth Financial Systems, Inc. to take the number to which it placed the call off of its call list.

**FDCPA Class:** All persons throughout the United States (1) to whom Commonwealth Financial Systems, Inc., placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt, (4) where the party who Commonwealth Financial Systems, Inc. called to collect the debt was not, according to Commonwealth Financial Systems, Inc.'s records, the party alleged to owe the debt.

37.     Excluded from the classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38.     Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

39.     The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

40.     The members of the classes are ascertainable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and by third parties.

41.     Plaintiff's claims are typical of the claims of the members of the classes.

42.     As it did for all members of the TCPA classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and after Plaintiff informed Defendant that it was calling the wrong person and to stop calling.

43.     As it did for all members of the FDCPA class, Defendant continued calling Plaintiff in an effort to collect a debt after being specifically informed that Defendant was calling the wrong person and to stop calling.

44.     Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

45.     Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

46.     Plaintiff suffered the same injuries as each of the members of the classes.

47.     Plaintiff will fairly and adequately protect the interests of the members of the classes.

48.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

49.     Plaintiff will vigorously pursue the claims of the members of the classes.

50.     Plaintiff has retained counsel experienced and competent in class action litigation.

51.     Plaintiff's counsel will vigorously pursue this matter.

52.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

53.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

54.    Issues of law and fact common to all class members are:

   a.   Defendant's violations of the TCPA;

   b.   Defendant's violations of the FDCPA;

   c.   Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   d.   The availability of statutory penalties; and

   e.   The availability of attorneys' fees and costs.

55.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56.    If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

57.    The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

58.    The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

60.    The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

61.    The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

62.    There will be little difficulty in the management of this action as a class action.

63.    Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

64.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number, without her consent.

66.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA classes are entitled to damages in an amount to be proven at trial.

## Count II
### Violation of 15 U.S.C. § 1692d and 1692d(5)

67.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

68.    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

69.    Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiff at the called number.

**Trial by Jury**

70.     Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and that Defendant did so knowingly and willingly, and enjoining Defendant from further violations of 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the TCPA classes;

(c)     Adjudging and declaring that Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining Defendant from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Plaintiff and the other members of the FDCPA class;

(d)     Awarding Plaintiff and members of the TCPA classes actual and statutory damages pursuant to 47 U.S.C. § 227(b)(3);

(e)     Awarding Plaintiff and members of the FDCPA class damages pursuant to 15 U.S.C. § 1692k;

(f)     Awarding Plaintiff and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(g)     Awarding other and further relief as the Court may deem just and proper.

Dated: September 21, 2015          Respectfully submitted,


/s/ Michael L. Greenwald
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
mgreenwald@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
(512) 322-3912
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes